# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** SUNBEAM PRODUCTS, INC., AMAZON.COM, **(AVISO AL DEMANDADO):** INC. and DOES 1 TO 100 | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:** STACEY SAUTTER
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/09/2024 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Mercer, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: (*El nombre y dirección de la corte es*): Superior Court of California, County of Los Angeles 275 Magnolia Long Beach, California 90802 | **CASE NUMBER:** (*Número del Caso*): **24LBCV00285** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Adam Carlson
(*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es*):

Casper, Meadows, Schwartz & Cook
2121 N. California Blvd., Suite 1020, Walnut Creek, CA 94596 — 925-947-1147

**DATE:** 02/09/2024
(*Fecha*)   David W. Slayton, Executive Officer/Clerk of Court

Clerk, by **J. Mercer**, Deputy
(*Secretario*) (*Adjunto*)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)*).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (*specify*):

3. ☒ on behalf of (*specify*): SUNBEAM PRODUCTS, INC.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (*specify*):
4. ☐ by personal delivery on (*date*):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder™ |

Adam Carlson (State Bar No. 257795)
CASPER, MEADOWS, SCHWARTZ & COOK
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, CA 94596
Telephone:    (925) 947-1147
Facsimile:    (925) 947-1131

Attorneys for Plaintiff
STACEY SAUTTER

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/09/2024 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Mercer, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

STACEY SAUTTER,

        Plaintiff,

        vs.

SUNBEAM PRODUCTS, INC.,
AMAZON.COM INC.,
and DOES 1 to 100,

        Defendants.

Case No. 24LBCV00285
Unlimited Jurisdiction

**COMPLAINT AND JURY DEMAND**

Plaintiff, Stacey Sautter, by and through her counsel, Adam Carlson, Casper, Meadows, Schwartz & Cook, brings this civil action, and alleges and states as follows:

**PARTIES**

1.    Plaintiff Stacey Sautter resides in Long Beach, Los Angeles, California, and is a citizen of the state of California, a resident of the state of California, and is domiciled in the state of California.

2.    Defendant Sunbeam Products, Inc., is registered with the office of the California Secretary of State to do business in the state of California and does a substantial amount of business within California.

3.    Defendant Amazon.com, Inc., does a substantial amount of business in the state of California.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

1

4. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 100, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as described in this complaint. Plaintiff will amend their complaint to state the true names and capacities of defendants DOES 1 through 100 when they have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an individually named defendant also refers to defendants DOES 1 through 100. These DOES defendants were involved in the manufacturing, assembling, designing, marketing, retailing, distributing, and/or selling, the subject product, and/or it's component parts, and/or were otherwise negligent and/or are strictly liable for the damages suffered by Plaintiff.

## JURISDICTION AND VENUE

5. This Court is proper because the injury to Plaintiff occurred in its jurisdictional area.

6. Defendant Sunbeam Products, Inc. [hereinafter "Sunbeam"] designed, manufactured, branded, imported, distributed, and/or sold in the state of California a product known and branded as a Sunbeam® Heating Pad. Defendant Sunbeam Products Inc. is subject to the *in personam* jurisdiction of this Court, as it did and continues to do business within the state of California and has continuous and systematic contacts with the state of California and has consented to jurisdiction in the state of California. Defendant Sunbeam Products Inc. is a corporation and deemed to reside in a judicial district in which it is subject to personal jurisdiction.

7. Defendant Amazon.com, Inc. [hereinafter "Amazon"] distributed, and/or sold in the state of California a product known and branded as a Sunbeam® Heating Pad. Defendant Sunbeam Products Inc. is subject to the *in personam* jurisdiction of this Court, as it did and continues to do business within the state of California and has continuous and systematic contacts with the state of California and has consented to jurisdiction in the state of California.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

2

## NATURE OF THE CASE

8.    This civil action is a claim for personal injuries suffered by Plaintiff Stacey Sautter when a consumer product known as a Sunbeam® Heating Pad designed, manufactured, imported, and/or distributed by Defendant Sunbeam Products, Inc. and Defendant Amazon, malfunctioned, and caused a serious burn injury to Plaintiff.

9.    It is alleged that this incident occurred as a result of the defects in, and the failure of, the heating pad's design and manufacturing specifications, which allowed the heating pad to heat to the point of causing a serious burn injury.

## FACTUAL ALLEGATIONS

10.    A Sunbeam® Heating Pad, King Size, Moist Heat Option, Model No. 731-500-000R, is the subject of this civil action.  [Figures 1 and 2]



Figure 1



Figure 2

11.    One of the metal prongs of the power cord plug of the Sunbeam® Heating Pad is embossed with "P 152 LTH", which means this product was manufactured on or about the date of June 1, 2021. [Figure 3]

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

3



Figure 3

12.    The subject Sunbeam® Heating Pad was purchased by Plaintiff on or about February 26, 2022.

13.    The subject Sunbeam® Heating Pad was sold by Amazon.com Services, LLC, on or about February 26, 2022, and delivered to Plaintiff's home in Long Beach, CA on that same day.

14.    While using the subject Sunbeam® Heating Pad at her home, located in Long Beach, California, in a reasonable and expected way on February 26, 2022, Plaintiff suffered a serious burn injury to her back. [Figure 4]



Figure 4

15.    The burn injury suffered by the plaintiff on February 26, 2022, was the direct and proximate result of the Sunbeam® Heating Pad's design and/or manufacturing defects.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

4

## ACCRUAL OF THIS CAUSE OF ACTION

16. Prior to February 26, 2022, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture, or labeling of the subject Sunbeam® Heating Pad.

17. Prior to February 26, 2022, Plaintiff was unaware of any defects in the Sunbeam® Heating Pad.

18. Prior to February 26, 2022, the subject Sunbeam® Heating Pad had not malfunctioned.

19. Prior to February 26, 2022, Plaintiff had not suffered any injury from the use of the Sunbeam® Heating Pad.

20. Plaintiff's cause of action against Defendant accrued on February 26, 2022.

## HEATING PAD PRODUCTS

21. Defendant Sunbeam is an American company that for many years produced designed, manufactured, marketed, imported, distributed, and sold a variety of consumer products including, toasters, mixers, irons, steamers, electric blankets, and heating pads, among others.

22. Defendant Sunbeam designed, manufactured, marketed, imported and/or distributed a variety of products known as Sunbeam® Heating Pads, including the Sunbeam® King Size Heating Pad with "Moist Heat Option", Model No. 731-500-000R, that is the subject of this civil action.

23. The Sunbeam® Heating Pad that is the subject of this action is an FDA registered Class II Medical Device.

24. Sunbeam markets its heating pad products with the claim, among others, that, "Sunbeam products are perfect for multiple pain points like the back, neck, shoulders, and knee."[1]

///

---

[1]    *See*                https://www.sunbeam.com/pain-relief/general-muscle-pain/standard-size-heating-pad/SAP_2101860.html

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

5

25.    Defendant Sunbeam was the designer of the Sunbeam® Heating Pad that is the subject of this action.

26.    Defendant Sunbeam was the manufacturer of the Sunbeam® Heating Pad that is the subject of this action.

27.    Defendant Sunbeam was the importer of the Sunbeam® Heating Pad that is the subject of this action.

28.    Defendant Sunbeam was the distributor of the Sunbeam® Heating Pad that is the subject of this action.

29.    Defendant Amazon sold to Plaintiff the Sunbeam® Heating Pad that is the subject of this action.

30.    If Sunbeam in fact was not the actual manufacturer of the Sunbeam® Heating Pad, then Sunbeam contracted with a Chinese entity, believed to be Zheijang Lumeng Health & Technology Co. LTD. Paojiang, China, to manufacture these products for it, manufactured to Sunbeam's specifications and requirements, and bearing the brand name "Sunbeam®" on the product. Pursuant to applicable California law, Defendant Sunbeam is deemed to be the manufacturer of the Sunbeam® Heating Pad, that is the subject of this action.

31.    Defendant Sunbeam imported and distributed, either directly itself, or through third-party retailers, heating pads with serious and dangerous defects that had the potential to cause significant risk of bodily harm and injury to its consumers.

32.    Defendant Sunbeam imported and distributed, either directly itself, or through third-party retailers, heating pads with serious and dangerous defects that in fact caused significant risk of bodily harm and injury to its consumers.

33.    Specifically, these defects at times manifest themselves by these products causing serious burn injuries when being used as intended and as reasonably expected by consumers.

///

///

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

6

## PRIOR NOTICE TO SUNBEAM

34. Sunbeam, or a third party acting on its behalf, has a database where a record was and is kept of each instance where a consumer, or a retailer, claimed to Sunbeam that a Sunbeam Heating Pad product had caused a burn injury to a consumer.

35. Prior to the sale of the subject heating pad Sunbeam received notice from consumers that these products had caused serious burn injuries to consumers.

36. Prior to the sale of the subject heating pad Sunbeam received notice from retailers that these products had caused serious burn injuries to purchasers of these products.

37. Prior to February 26, 2022, Defendant Sunbeam ignored and/or concealed its knowledge of the heating pad's defects from consumers and the general public and continued to generate a substantial profit from the sale of its heating pads, demonstrating a callous, reckless, and willful indifference to the health, safety and welfare of Plaintiff and consumers like her.

38. In the two years prior to February 26, 2022, Sunbeam received notice of more than 100 burn injuries alleged by consumers using its Sunbeam® Heating Pad products.[1]

39. In the seven years prior to February 26, 2022, Sunbeam received notice of more than 100 burn injuries alleged by consumers using its Sunbeam® Heating Pad products.[2]

40. After Defendant Sunbeam knew or should have known of these defects with its Sunbeam® Heating Pad products it continued to distribute its defective Sunbeam® Heating Pad products for sale to consumers.

41. After Defendant Sunbeam knew or should have known of these defects with its Sunbeam® Heating Pad products it failed to recall these dangerous and defective heating pads.

42. After Defendant Sunbeam knew or should have known of these defects, and the risk of serious burn injuries to users of these Sunbeam® Heating Pad products, Sunbeam prioritized profit over the safety of consumers, and continued to distribute these products.

[1] See https://www.accessdata.fda.gov

[2] Id.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

7

43.    Defendant Sunbeam failed to fully disclose its knowledge of these defects in its heating pads from consumers, the United States Food and Drug Administration [FDA], and the public in general, in order to continue to profit from the sale of its heating pads.

## GENERAL ALLEGATIONS

44.    Plaintiff used the subject heating pad with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable uses.

45.    Plaintiff used the heating pad for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant.

46.    However, the subject heating pad was defectively designed and/or manufactured in that it failed to properly function, causing a serious burn injury to the plaintiff.

47.    Defendant Sunbeam's heating pads have design defects that make them unreasonably dangerous for their intended use by consumers because they cause serious burn injuries when being used as intended and as reasonably expected.

48.    Defendant Sunbeam's heating pads have manufacturing defects that make them unreasonably dangerous for their intended use by consumers because they cause serious burn injuries when being used as intended and as reasonably expected.

49.    Economical and safer alternative designs were available that could have prevented the subject heating pad from causing injury, including, but not limited to:

a)  A temperature limiting heating cable that will not allow the product to heat to a temperature that will cause a serious burn injury;

b)  Thermostatic sensors to shut off power to the heating pad before the product reaches temperatures that may cause serious burn injuries when being used as intended and as reasonably expected; and,

c)  A timer to shut off power to the heating pad after 30 minutes time.

50.    Defendant Sunbeam knew or should have known that its heating pad possessed defects that pose a serious safety risk to Plaintiff, and other users of these products.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

8

51.    As a direct and proximate result of Defendant Sunbeam's prior notice and knowledge of the defects in its Sunbeam® Heating Pad products, and the serious injuries, and risk of serious injuries caused by those defects, concealment of such defects, its failure to warn consumers of such defects, its failure to timely remove or recall this product with such defects from the stream of commerce, and its negligent design and/or manufacturing of such products, Plaintiff Stacey Sautter used a defective and unreasonably dangerous Sunbeam® Heating Pad, which resulted in serious bodily injuries to her.

52.    Consequently, Plaintiff Stacey Sautter seeks damages resulting from the use of Defendant Sunbeam's heating pad, as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, disfigurement, physical impairment, mental anguish, diminished enjoyment of life, and other damages, as set forth elsewhere in this Complaint.

53.    The subject Sunbeam® Heating Pad was defective in design, defective in manufacture, not merchantable, not in conformance with its applicable implied and express warranties and was unreasonably dangerous for its intended and/or reasonably foreseeable use, in that it caused a serious burn injury, while being used as reasonably intended and expected.

54.    The subject heating pad was dangerous to an extent beyond which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics in that the Sunbeam® Heating Pad caused a serious burn injury, while being used as reasonably intended and expected.

55.    The conduct of Defendant Sunbeam, as set forth in this complaint, demonstrates a callous, reckless, and willful, indifference to the health, safety and welfare of consumers and users of these products.

56.    The conduct of Defendant Sunbeam, as set forth in this complaint, is attended by circumstances of fraud, malice, or willful and wanton conduct.

///

///

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

9

## CAUSES OF ACTION
### COUNT I
### STRICT PRODUCT LIABILITY
### AGAINST ALL DEFENDANTS

57.    Plaintiff incorporates by reference the facts and allegations set forth in all preceding paragraphs of this Complaint.

58.    Defendants have a duty to place into the stream of commerce, design, manufacture, test, fill, label, distribute, market, promote, and sell Sunbeam® Heating Pad products that are not defective, unsafe, and unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

59.    Defendants did in fact design, manufacture, test, label, market, promote, supply, distribute and/or sell Sunbeam® Heating Pad products to consumers, including Plaintiff Stacey Sautter.

60.    Defendants expected the Sunbeam® Heating Pad products it was designing, manufacturing, testing, labeling, marketing, promoting, supplying, distributing, and selling to reach, and it did in fact reach, consumers, including Plaintiff Stacey Sautter, without substantial change in its condition.

61.    At the time the subject Sunbeam® Heating Pad product left the possession of Defendants and the time the Sunbeam® Heating Pad product entered the stream of commerce, it was in a defective, unsafe, and unreasonably dangerous condition. These defects include but are not limited to the following:

     a) The heating pad could heat to a temperature that could cause a serious burn injury;

     b) It did not have a temperature limiting heating cable that will not allow the product to heat to a temperature that will cause a serious burn injury;

     c) It did not have thermostatic sensors to shut off power to the heating pad before the product reaches temperatures that may cause serious burn injuries when being used as intended and as reasonably expected; and,

     d) It did not have a timer to shut of power to the heating pad after 30 minutes time.

///

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

10

62.   Had Defendants adequately tested the Sunbeam® Heating Pad products, they would have discovered that it could heat to a temperature that would cause a serious burn injury when being used as intended and as reasonably expected.

63.   At all times relevant to this Complaint, plaintiff Stacey Sautter used the Sunbeam® Heating Pad product for its intended purpose.

64.   There was no other reasonable cause of the burn injury to the plaintiff other than the Sunbeam® Heating Pad product being defective.

65.   The subject Sunbeam® Heating Pad used by Plaintiff Stacey Sautter was unsafe to an extent beyond which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics in that the Sunbeam® Heating Pad products was designed in such a way that the ordinary consumer would not contemplate that the product would cause a serious burn injury when being used as intended and as reasonably expected.

66.   The subject Sunbeam® Heating Pad products used by Plaintiff Stacey Sautter was unsafe to an extent beyond which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics in that the Sunbeam® Heating Pad was manufactured in such a way that the ordinary consumer would not contemplate that the product would cause a serious burn injury when being used as intended and as reasonably expected.

67.   Plaintiff Stacey Sautter could not have discovered any defect in the subject Sunbeam® Heating Pad products through the exercise of due care. Defendants, as designer, manufacturer, assembler, marketer, promoter, supplier, distributor, and seller of Class II Medical Devices are held to the level of knowledge of an expert in their field.

68.   Defendants, as designer, manufacturer, assembler, marketer, promoter, supplier, distributor, and seller of Class II Medical Devices are held to the level of knowledge of an expert in their field.

///

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

11

69.    Plaintiff Stacey Sautter did not have substantially the same knowledge regarding the dangers of the Sunbeam® Heating Pad products as the designer, manufacturer, assembler, marketer, promoter, supplier, distributor, and seller of this Class II Medical Device .

70.    As a direct and proximate result of the conduct of Defendants, as set forth herein, Plaintiff Stacey Sautter has suffered the injuries and damages, as set forth in this Complaint.

## COUNT II
## NEGLIGENCE
## AGAINST ALL DEFENDANTS

71.    Plaintiff incorporates by reference the facts and allegations set forth in paragraphs 1 through 60 above of this Complaint.

72.    Defendant Sunbeam was the designer, manufacturer, importer, distributor, marketer, seller, and supplier of the subject Sunbeam® Heating Pad.

73.    At all times relevant, it was the duty of Defendant to exercise due care in designing, manufacturing, assembling, testing, labeling, marketing, promoting, supplying, distributing and/or selling Sunbeam® Heating Pads such that they would be reasonably safe for their intended use.

74.    Defendant Sunbeam had a duty of reasonable care, to design, manufacture, import, inspect, test, market, distribute, and sell Sunbeam® Heating Pad products that were not defective and were reasonably safe for their intended uses by consumers, such as Plaintiff.

75.    Defendant Sunbeam failed to exercise ordinary and reasonable care in designing, manufacturing, importing, inspecting, testing, selling, distributing, labeling, marketing, and promoting its Sunbeam® Heating Pad products, which were defective and presented an unreasonable risk of harm to consumers, such as Plaintiff.

76.    Defendant Sunbeam failed to exercise ordinary care in the design, manufacture, importation, inspection, quality assurance, quality control, distribution, advertising, promotion, marketing, and sale of its Sunbeam® Heating Pad products in that Defendant Sunbeam knew or should have known that these products presented an unreasonable risk of harm to Plaintiff and other consumers.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

12

77.   Defendant Sunbeam had a duty to do quality assurance inspection, sampling, and testing prior to accepting delivery of its Sunbeam® Heating Pad products from its supplier in China that were intended to be sold in the United States.

78.   Defendant Sunbeam had a duty to adequately warn consumers that it knew Sunbeam® Heating Pad may heat to temperatures that would cause serious burn injuries when being used as intended and as reasonably expected.

79.   Defendant Sunbeam was negligent in the design, manufacture, importation, inspection, advertising, warning, marketing, and sale of its heating pads in that, among other things, it:

a.   Failed to use ordinary and reasonable care in designing its Sunbeam® Heating Pad products;

b.   Failed to use ordinary and reasonable care in manufacturing Sunbeam® Heating Pad products;

c.   Failed to do adequate quality assurance inspection, sampling, and testing of its Sunbeam® Heating Pad products, prior to accepting delivery from the manufacturing facility in China, to assure that the products that were being produced for it conformed with applicable industry standards;

d.   Failed to do adequate quality assurance inspection, sampling, and testing of its Sunbeam® Heating Pad products, after accepting delivery from the manufacturing facility in China, to assure that the products that were being produced for it conformed with applicable industry standards;

e.   After Defendant Sunbeam knew or should have known that its Sunbeam® Heating Pad products were causing serious injury when being used as intended and as reasonably expected, Defendant Sunbeam continued to import, market, and distribute its heating pads to retailers and to the general public;

f.   After Defendant Sunbeam knew or should have known that its Sunbeam® Heating Pad products were causing serious burn injuries when being used as intended and as reasonably expected, Defendant Sunbeam did not timely and effectively recall these products;

g.   Placed an unsafe product into the stream of commerce; and,

h.   Were otherwise negligent.

80.   As a result, Plaintiff's subject Sunbeam® Heating Pad contained design and/or manufacturing defects which caused serious burn injuries when being used as intended and as reasonably expected.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

13

81. The defect in the design and/or manufacturing causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree burns.

82. Plaintiff in this case used her Sunbeam® Heating Pad in a reasonably foreseeable manner and as intended by Defendant Sunbeam.

83. The subject Sunbeam® Heating Pad was not materially altered or modified by Plaintiff, or anyone else, after being manufactured by Defendant Sunbeam and before being used by Plaintiff.

84. The design and/or manufacturing defects that allow the Sunbeam® Heating Pad to cause serious burn injuries when being used as intended and as reasonably expected was and is negligent and renders these products defective.

85. The design and/or manufacturing defects that allow the Sunbeam® Heating Pad to cause serious burn injuries when being used as intended and as reasonably expected is the direct and proximate result of Defendant Sunbeam's negligence, and failure to use reasonable and ordinary care, in designing, manufacturing, importing, inspecting, testing, and promoting these products.

86. Defendant Sunbeam risked the safety and well-being of the consumers and users of its Sunbeam® Heating Pads, including Plaintiff, with the knowledge of the safety and efficacy issues these products had, and withheld this knowledge from the public.

87. After Defendant Sunbeam had notice of the issue of Sunbeam® Heating Pads causing serious burn injuries when being used as intended and as reasonably expected, it continued to distribute and sell these products.

88. Defendant Sunbeam made the conscious decision not to recall the defective Sunbeam® Heating Pads.

89. Defendant Sunbeam made the conscious decision not to fully inform the FDA of the fact that its Class II Medical Device heating pads were/are causing serious burn injuries, and the design and/or manufacturing are the reasons why these products were causing serious burn injuries.

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

14

90.     Rather than truthfully inform the FDA of the fact that its Class II Medical Device heating pads were/are causing serious burn injuries, and the design and/or manufacturing reasons are the reasons why these products were causing serious burn injuries, defendant Sunbeam informed the FDA that the reasons for these burn injuries were the improper use of these products by the injured consumers.

91.     At the time in which the subject Sunbeam® Heating Pad was distributed and sold, up through the time Plaintiff was injured, Defendant Sunbeam knew or had reason to know that these products were dangerous and created an unreasonable risk of harm to consumers.

92.     Defendant Sunbeam risked the safety and well-being of the consumers and users of its heating pads, including Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the FDA and from the public.

93.     Defendant Sunbeam's conduct, as described above, was negligent, grossly negligent, reckless, intentional, despicable, extreme, and outrageous.

94.     As a direct and proximate result of the negligence, conduct, actions, inactions, and knowledge of Defendant Sunbeam, as set forth above, Defendant Sunbeam is liable for Plaintiff's injuries and damages, as set forth in this Complaint, under California law.

### COUNT III
### BREACH OF EXPRESS WARRANTY
### AGAINST ALL DEFENDANTS

95.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

96.     Defendant Sunbeam expressly warranted for five (5) years from the date of purchase that the subject Sunbeam® Heating Pad did not contain any defects.

97.     Defendant Sunbeam breached its express warranty for the subject heating pad in that its was defective, as set forth in detail above in this Complaint, including, but not limited to:

///

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

15

a. The heating pad as was defectively designed such that it caused serious burn injuries when being used as intended and as reasonably expected; and,

b. The heating pad as was defectively manufactured such that it caused serious burn injuries when being used as intended and as reasonably expected.

98. Defendant Amazon warranted the product did not contain defects.

99. Plaintiff used the subject heating pad with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

100. Plaintiff's injuries were the direct and proximate result of Defendants' breach of their express warranties.

101. As a direct and proximate result of breach of express warranties, as set forth above in this Count, Defendants are liable for Plaintiff's injuries and damages, as set forth in this Complaint, under applicable California law.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST ALL DEFENDANTS

102. Plaintiff incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

103. At the time Defendants marketed, distributed, and sold its heating pad to Plaintiff, they warranted that its heating pads were merchantable and fit for the ordinary purposes for which they were intended.

104. Consumers, including consumers such as Plaintiff, were intended third-party beneficiaries of the implied warranties.

105. Defendants' heating pads were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to serious personal injuries when being used as intended and as reasonably expected, as described herein in this Complaint.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

16

106. Plaintiff used the heating pad with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

107. Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries and damages.

108. As a direct and proximate result of breach of implied warranties, as set forth above in this Count, Defendants are liable for Plaintiff's injuries and damages, as set forth in this Complaint, under applicable California law.

## COUNT V
## EXEMPLARY/PUNITIVE DAMAGES
## AGAINST DEFENDANT SUNBEAM

109. Plaintiff incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

110. The acts and conduct of Defendant Sunbeam, set forth above, were intentional, malicious, oppressive, willful, wanton, fraudulent, and in reckless disregard of the consequences. This conduct included, but was not limited to:

    a. Continuing to market and distribute for sale a product that it knew was defective and likely to cause serious burn injuries; and,

    b. Failing to recall this product once it knew that it was defective and likely to cause serious burn injuries; and,

111. Defendant was aware of the risk of serious harm and injury to users of the product that is the subject of this litigation for numerous years, and a sufficient amount of time to prevent the harm to Plaintiff. Despite the awareness of the risk of serious harm and injury to users of their product they continued to sell their product.

112. The intentional malicious willful and wanton conduct of Defendant was conduct purposefully committed which Defendant must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly Plaintiff. Defendant's conduct was despicable and

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

17

113. To this day Defendant has continued their conduct and behavior, as set forth in this civil action, in an intentional willful and wanton manner, against other persons who have these defective Sunbeam® Heating Pads.

## DAMAGES FOR ALL CAUSES OF ACTION
## AGAINST ALL DEFENDANTS

114. As a direct and proximate result of the failure of Defendants' subject Sunbeam® Heating Pad, and the conduct, actions, inactions, omissions, and negligence of Defendant, Plaintiff Stacey Sautter sustained injuries and damages, including, but not limited to:

a. serious and permanent physical injuries;

b. past and future pain, suffering, and anguish, both in mind and in body;

c. physical disability, past and future;

d. physical impairment;

e. disfigurement;

f. loss of enjoyment of life;

g. past medical bills;

h. future medical bills;

i. loss of past wages and income;

j. such other damages as may be allowed by California law, and supported by the evidence; and,

k. attorneys' fees and the costs and expenses of litigation as may be permitted by California law and the rules of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stacey Sautter, demands judgment against Defendants in an amount of compensatory and exemplary damages to be determined by a jury, plus prejudgment interest, post-judgment interest, and taxable costs, and any and all other damages and relief available under California law to fully compensate her for her injuries and damages.

///

///

///

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

18

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted this 9th day of February 2024.

Adam Carlson
Casper, Meadows, Schwartz & Cook
2121 North California Blvd., Suite 1020
Walnut Creek, CA 94596
925-947-1147
carlson@cmslaw.com

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter v. Sunbeam Products, Inc.*
COMPLAINT AND JURY DEMAND

19

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Adam Carlson    SBN: 257795<br>Casper, Meadows, Schwartz & Cook<br>2121 N. California Blvd., Suite 1020, Walnut Creek, CA 94596<br>TELEPHONE NO.: 925-947-1147    FAX NO.: 925-947-1131<br>EMAIL ADDRESS: carlson@cmslaw.com<br>ATTORNEY FOR *(Name)*: Stacy Sautter | *FOR COURT USE ONLY*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>2/09/2024 4:11 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Mercer, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia
MAILING ADDRESS: 275 Magnolia
CITY AND ZIP CODE: Lons Beach 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME: Sautter v. Sunbeam Products, Inc., et al.

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $35,000)    $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24LBCV00285<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 9, 2024

Adam Carlson
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non- harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Westlaw Doc & Form Builder™

| SHORT TITLE  Sautter v. Sunbeam Products, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.   Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.   Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.   Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.   Location where bodily injury, death or damage occurred. | 10.   Location of Labor Commissioner Office. |
| 5.   Location where performance required, or defendant resides. | 11.   Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.   Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23                       CIVIL CASE COVER SHEET ADDENDUM                       LASC Local Rule 2.3

For Mandatory Use                                   AND STATEMENT OF LOCATION

| SHORT TITLE: Sautter v. Sunbeam Products, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☒ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23      **CIVIL CASE COVER SHEET ADDENDUM**      LASC Local Rule 2.3

For Mandatory Use      **AND STATEMENT OF LOCATION**

| SHORT TITLE  Sautter v. Sunbeam Products, Inc., et al. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
| --- | --- | --- | --- |
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                              Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE  Sautter v. Sunbeam Products, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Sautter v. Sunbeam Products, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>3511 Gardenia Avenue<br>Long Beach, CA  90807 |
|---|---|---|---|
| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE:<br>90807 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: February 8, 2024 _____                _____
                                                                (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/09/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Mercer _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24LBCV00285 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Vicencia | S26 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 02/13/2024 _____    By J. Mercer _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/13/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Mercer _____ Deputy |
| PLAINTIFF:<br>Stacey Sautter | |
| DEFENDANT:<br>Sunbeam Products, Inc., et al. | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>24LBCV00285 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 07/15/2024     Time: 8:30 AM     Dept.: S26

NOTICE TO DEFENDANT·    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 02/13/2024

_Michael P. Vicencia_
Judicial Officer

CERTIFICATE OF SERVICE    Michael P. Vicencia / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Long Beach _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Adam Carlson
2121 N. California Blvd. Suite 1020
Walnut Creek, CA 94596

**FEB 2 0 2024**

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/13/2024

By _J. Mercer_
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

LASC LACIV 132 Rev 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS.<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/13/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By. _____ J. Marcer _____ Deputy |
| PLAINTIFF(S):<br>Stacey Sautter | |
| DEFENDANT(S):<br>Sunbeam Products, Inc., et al. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24LBCV00285 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>04/29/2024</u> at <u>8:30 AM</u> in department <u>S26</u> of this court, <u>Governor George Deukmejian Courthouse</u> _____, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>02/13/2024</u>

Michael P. Vicencia / Judge
Judicial Officer

**FEB 2 0 2024**

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Governor George Deukmejian Courthouse 275 Magnolia Ave, Long Beach, CA 90802 | **FILED** Superior Court of California County of Los Angeles 02/13/2024 David W. Slayton Executive Officer / Clerk of Court By. _____ J. Mercer _____ Deputy |
| **PLAINTIFF/PETITIONER** Stacey Sautter | |
| **DEFENDANT/RESPONDENT:** Sunbeam Products, Inc., et al. | |
| **CERTIFICATE OF MAILING** | **CASE NUMBER:** 24LBCV00285 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Adam Carlson
Casper, Meadows, Schwartz & Cook
2121 N. California Blvd, Suite 1020
Walnut Creek, CA 94596

FEB 2 0 2024

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/13/2024

By: J. Mercer
Deputy Clerk

CERTIFICATE OF MAILING



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   #### Mediation may <u>not</u> be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 03/23
For Mandatory Use

Page 2 of 2

Adam Carlson (State Bar No. 257795)
**CASPER, MEADOWS, SCHWARTZ & COOK**
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, CA 94596
Telephone:    (925) 947-1147
Facsimile:    (925) 947-1131

Attorneys for Plaintiff
STACEY SAUTTER

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/05/2024 10:16 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| STACEY SAUTTER,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC.;<br>AMAZON.COM, INC., and Does 1 to 100,<br><br>Defendants. | Case No. **24LBCV00285**<br>Unlimited Jurisdiction<br>Assigned to Dept S26 Michael P. Vicencia<br><br>**APPLICATION FOR AN ORDER ADMITTING GEORGE E. McLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. McLAUGHLIN; DECLARATION OF ADAM CARLSON; [PROPOSED] ORDER**<br><br>**Reservation No.:  288545900311**<br><br>**DATE:  April 2, 2024**<br>**DEPT:  S26**<br>**TIME:  8:30 a.m.**<br><br>Complaint filed:  February 9, 2024<br>Trial date:  Unassigned |

PLEASE TAKE NOTE that on April 2, 2024 at 8:30 a.m. or as soon as thereafter as the matter may be heard, before the Honorable Michael P. Vicencia in Department S26 of the above-entitled court, located at 275 Magnolia Avenue in Long Beach, California 90802, counsel for Plaintiff STACY SAUTTER and George E. McLaughlin, hereby will and do submit this Application to the Court for an Order admitting George E. McLaughlin to appear as counsel *pro hac vice* in this action.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                                                 1
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

This request is based on this Application, the following Memorandum of Points and Authorities, the Verified Application of George E. McLaughlin, the Declaration of Adam Carlson, and any oral and documentary evidence as may be presented at the time of any hearing on this Application.

Dated: March 5, 2024

_____

Adam Carlson
**CASPER, MEADOWS, SCHWARTZ & COOK**
Attorneys for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

As demonstrated in the following Verified Application of George E. McLaughlin and the Declaration of Adam Carlson, attorney George E. McLaughlin satisfies the requirements for this Court to admit him to appear as counsel *pro hac vice* for Plaintiff Stacey Sautter. Notice of this application with the appropriate fee has been sent to the State Bar. (Decl. of Adam Carlson ¶ 4 and Exh. A.)

II.     CALIFORNIA RULES OF COURT, RULE 9.40 AUTHORIZES THIS COURT TO EXERCISE ITS DISCRETION TO PERMIT GEORGE E. McLAUGHLIN TO APPEAR *PRO HAC VICE*

Rule 9.40(a) of the California Rules of Court states in pertinent part that:

A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest in any state, territory, or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel pro hac vice…

In turn, subpart (d) of Rule 9.40 sets forth the requirements that must be met by such out-of-state counsel when making the application:

The application must state: (1) The applicant's residence and office address; (2) The courts to which the applicant has been admitted to practice and the dates of admission; (3) That

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                                                                2
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

the applicant is a licensee in good standing in those courts; (4) That the applicant is not currently suspended or disbarred in any court; (5) The title of each court and cause in which the applicant has filed an application to appear as counsel pro hac vice in this state in the preceding two years, the date of each application, and whether or not it was granted; and (6) The name, address, and telephone number of the active licensee of the State Bar of California who is attorney of record.

In the instant case, George E. McLaughlin is admitted to practice before the State of Colorado, the State of Ohio, the State of West Virginia, and the courts listed of Exhibit 1 (Verified App. of George E. McLaughlin ¶ 3). Mr. McLaughlin is not a California resident, nor does he regularly practice here. (Pike App. ¶ 2). Mr. McLaughlin will appear in association with Adam Carlson of Casper, Meadows, Schwartz & Cook LLC, who is counsel of record for Plaintiff Stacey Sautter and is an active member of the California State Bar.

It is respectfully submitted that Mr. McLaughlin's Application sets forth all of the requirements of Rule 9.40, and no sound reason exists to deny his Application.

III.   CONCLUSION

Based on the foregoing, it is respectfully submitted that this Application be approved and that George E. McLaughlin be granted permission to appear as counsel *pro hac vice* on behalf of Plaintiff Stacey Sautter for all purposes in this matter.

Dated: March 5, 2024

_____

Adam Carlson
**CASPER, MEADOWS, SCHWARTZ & COOK**
Attorneys for Plaintiff

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                    3
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

## VERIFIED APPLICATION FOR ADMISSION OF GEORGE E. McLAUGHLIN FOR PERMISSION TO APPEAR AS COUNSEL *PRO HAC VICE*

I, George E. McLaughlin, declare that if called and sworn as a witness, I could and would completely testify under oath as follows:

1.     I reside at 1643 Monaco Parkway, Denver, Colorado 80220.  I am a sole practitioner with the law firm of McLaughlin Law Firm, P.C., located at 1890 Gaylord Street, Denver, Colorado 80206-1211.

2.     I am not a resident of the State of California.  Further, I am not regularly employed in, and I do not regularly engage in substantial business, professional or other activities in the state of California.

3.     I have been, and presently am, a member in good standing of the State Bar of Colorado since January 2, 1987 (Bar # 16364), where I regularly practice law.  I am also admitted to practice in the states of Ohio (Attorney Registration No. 3932) and West Virginia (Attorney Registration No. 2484).  Additionally, I am admitted to practice in the courts listed in the attached Exhibit 1.

4.     I am a member in good standing and eligible to practice law in each of the Courts to which I have been admitted to practice law.

5.     I have never been suspended or disbarred in any Courts to which I have been admitted.

6.     In the past two years, I have made applications to appear as counsel *pro hac vice* in the State of California I the following matters:

*In re: Future Motion, Inc. Products Liability Litigation*
U.S.D.C. Northern District of California, San Jose Division
Case No. 23-MD-03087-BLF
Granted: 01/16/2024

*Ronald K. Johansen v. DePuy Orthopaedics, Inc.*
U.S.D.C. Central District of California
Case No. CV 23-04473-ODW (JPR)
Stricken: 09/11/2023

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                                           4
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

7.     I designate Adam Carlson, (#257795) of Casper, Meadows, Schwartz & Cook, 2121 N. California Blvd., Ste. 1020, Walnut Creek, California 94596, and telephone number is (925) 947-1147, as my local attorney designee.  Adam Carlson is an active member of the State Bar of California in good standing and will continue to participate in this case as one of the attorneys of record for Plaintiff Stacey Sautter.

I declare, under penalty of perjury under the laws of the state of California, that the foregoing is true and correct.

Executed this 5th day of March, 2024 in Denver, Colorado.

*George E. McLaughlin*

George E. McLaughlin

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                            5
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

# EXHIBIT 1

Bar of the State of Colorado (01/02/1987)
Attorney Registration No. 16364

State of Ohio (11/07/1980)
Attorney Registration No. 0003932

State of West Virginia (09/25/1979)
Attorney Registration No. 2484

United States Supreme Court (02/21/2006)

United States Court of Appeals for the 4th Circuit (08/26/1987)

United States Court of Appeals for the 6th Circuit (08/19/2003)

United States Court of Appeals for the 7th Circuit (04/13/2010)

United States Court of Appeals for the 10th Circuit (11/07/2014)

United States District Court for the Eastern and Western Districts of Arkansas (07/20/1998)

United States District for the District of Colorado (09/26/2001)

United States District Court for the Northern District of Illinois (05/03/2010)

United States District Court for the Central District of Illinois (04/30/2007)

United States District Court for the Southern District of Illinois (04/12/2011)

United States District Court for the Northern District of Indiana (03/16/2016)

United States District Court for the Eastern District of Missouri (01/10/2019)

United States District Court for the Eastern District of Michigan (10/18/2000)

United States District Court for the Western District of Michigan (02/10/2020)

United States District Court for the District of North Dakota (01/22/2019)

United States District Court for the Southern District of Ohio (04/24/1996)

United States District Court for the Northern District of Ohio (01/05/2011)

United States District Court for the Western District of Oklahoma (06/26/2008)

United States District Court for the Northern District of Oklahoma (09/25/2008)

United States District Court for the Western District of Pennsylvania (07/27/1999)

EXHIBIT 1

United States District Court for the Western District of Tennessee (01/19/2011)

United States District Court for the Western District of Texas (02/10/2009)

United States District Court for the Northern District of Texas (06/29/2007)

United States District Court for the Northern District of West Virginia (10/25/1979)

United States District Court for the Southern District of West Virginia (08/19/2003)

United States District Court for the Western District of Wisconsin (11/16/2011)

United States District Court for the Eastern District of Wisconsin (04/14/2014)

United States Court of Federal Claims (07/19/1996)

## DECLARATION OF ADAM CARLSON

I, Adam Carlson, declare:

1.      I am an attorney at law, duly licensed to practice before the Courts of the State of California (SBN 257795), and I am a partner of the law firm of Casper, Meadows, Schwartz & Cook, attorneys of record for Plaintiff Stacey Sautter.

2.      I have personal knowledge of each of the matters stated herein and if called upon to testify to any of these matters, I can do so in a truthful and competent manner.

3.      Stacey Sautter has requested that attorney George E. McLaughlin appear as counsel *pro hac vice.*

4.      Pursuant to California Rules of Court, Rule 9.40, on February 29, 2024 the applicable fee in the amount of $50.00 was paid to the State Bar of California. Attached as Exhibit A is a true and correct copy of the receipt.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of March, 2024, at Walnut Creek, California.

_____
Adam Carlson
**CASPER, MEADOWS, SCHWARTZ & COOK**
Attorneys for Plaintiff

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285                                          6
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*;
MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN;
DECLARATION OF ADAM CARLSON

Michelle Estrada

| | |
|---|---|
| **From:** | State Bar of California - Admissions <admissions@calbar.ca.gov> |
| **Sent:** | Thursday, February 29, 2024 4:01 PM |
| **To:** | Michelle Estrada |
| **Subject:** | State Bar Of California* Payment Has Been Received |

You don't often get email from admissions@calbar.ca.gov. <u>Learn why this is important</u>



Dear Michelle Estrada,

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

Application Type :  Pro Hac Vice Application

Original Subtotal :  $ 50.00

Service Fee :  $ 1.25

Total Paid Amount :  $ 51.25

Payment Date :  03/01/2024

Sincerely,

State Bar Of California*

180 Howard St.

San Francisco, CA 94105

US

*Please do not reply to this message. This email is not regularly monitored.*

**PROOF OF SERVICE**

RE:    *Sautter v. Sunbeam Products, Inc., et al.*
Los Angeles County Superior Court Case No. 24LBCV00285

I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 2121 North California Blvd., Suite 1020, Walnut Creek, CA 94596. On the date below, I served the following documents in the manner indicated on the below-named parties and/or counsel of record:

**APPLICATION FOR AN ORDER ADMITTING GEORGE E. McLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. McLAUGHLIN; DECLARATION OF ADAM CARLSON; [PROPOSED] ORDER**

☒    **BY ELECTRONIC MAIL:**  I caused said documents to be transmitted via electronic mail in portable document format ("PDF") from the electronic address: michelle@cmslaw.com.

The State Bar of California – *VIA email U.S. MAIL*
180 Howard Street
San Francisco CA 94105
prohac@calbar.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 5, 2024

_____
MICHELLE ESTRADA

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Sautter vs. Sunbeam Products, Inc., et al.* 24LBCV00285    7
APPLICATION FOR AN ORDER ADMITTING GEORGE E. MCLAUGHLIN TO APPEAR AS COUNSEL *PRO HAC VICE*; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF GEORGE E. MCLAUGHLIN; DECLARATION OF ADAM CARLSON

Journal Technologies Court Portal

# Make a Reservation

**STACEY SAUTTER vs SUNBEAM PRODUCTS, INC., et al.**

Case Number: 24LBCV00285    Case Type: Civil Unlimited    Category: Product Liability (not asbestos or toxic/environmental)
Date Filed: 2024-02-09   Location: Governor George Deukmejian Courthouse - Department S26

## Reservation

| | |
|---|---|
| Case Name:<br>STACEY SAUTTER vs SUNBEAM PRODUCTS, INC., et al. | Case Number:<br>24LBCV00285 |
| Type:<br>Application to be Admitted Pro Hac Vice | Status:<br>RESERVED |
| Filing Party:<br>Stacey Sautter (Plaintiff) | Location:<br>Governor George Deukmejian Courthouse - Department S26 |
| Date/Time:<br>04/02/2024 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>288545900311 | Confirmation Code:<br>CR-D6JGMQVCKWXFTNZET |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Application to be Admitted Pro Hac Vice | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>1969-12-31 | |

🖶 Print Receipt      ✚ Reserve Another Hearing

Chat

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| ADAM CARLSON | SBN: 257795<br>CASPER, MEADOWS, SCHWARTZ & COOK<br>2121 N. CALIFORNIA BOULEVARD  STE. 1020 WALNUT CREEK, CA 94596<br><br>TELEPHONE NO.: (925) 947-1147 | FAX NO. (925) 947-1131 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF: | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/07/2024 1:38 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk** |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 275 MAGNOLIA AVE

MAILING ADDRESS:

CITY AND ZIP CODE: LONG BEACH, CA 90802

BRANCH NAME:

| PLAINTIFF: STACEY SAUTTER | CASE NUMBER: |
|---|---|
| DEFENDANT: SUNBEAM PRODUCTS, INC., ET AL. | 24LBCV00285 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>SAUTTER-00303 |
|---|---|
| *(Separate proof of service is required for each party served.)* | Hearing Date: 7/15/2024 Time: 8:30 AM |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a. Party served *(specify name of party as shown on documents served)*:
   **AMAZON.COM, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **AGENT FOR SERVICE - CSC - LAWYERS INCORPORATING SERVICE - BY LEAVING WITH REBECCA VANG / INTAKE CLERK**

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/1/2024**  (2) at *(time)*: **12:30 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:   from *(city)*:                              **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>POS010-1/31037<br>* 785660 * |
|---|---|---|

| PETITIONER: **STACEY SAUTTER** | CASE NUMBER: |
| --- | --- |
| RESPONDENT: **SUNBEAM PRODUCTS, INC., ET AL.** | **24LBCV00285** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **AMAZON.COM, INC.**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

                                          ☐ other:

7. **Person who served papers**

a. Name: **ROBERT MASON - ONE HOUR PROCESS SERVICE**

b. Address: **2920 CAMINO DIABLO  WALNUT CREEK, CA 94597**

c. Telephone number: **(925) 947-3470**

d. **The fee** for service was: **$ 63.75**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:
        (i) ☐ owner       ☐ employee     ☑ independent contractor.
        (ii) Registration No.: **03-007**
        (iii) County: **PLACER**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/4/2024**

**ONE HOUR PROCESS SERVICE**
**2920 CAMINO DIABLO**
**WALNUT CREEK, CA 94597**
**(925) 947-3470**
**www.onehour.net**

|  |  |
| --- | --- |
| **ROBERT MASON** | |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010/31037

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

ADAM CARLSON | SBN: 257795
CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. CALIFORNIA BOULEVARD  STE. 1020 WALNUT CREEK, CA 94596

TELEPHONE NO.: (925) 947-1147 | FAX NO. (925) 947-1131 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFF:

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/07/2024 1:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk**

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 275 MAGNOLIA AVE

MAILING ADDRESS:

CITY AND ZIP CODE: LONG BEACH, CA 90802

BRANCH NAME:

| PLAINTIFF: STACEY SAUTTER | CASE NUMBER: |
|---|---|
| DEFENDANT: SUNBEAM PRODUCTS, INC., ET AL. | 24LBCV00285 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: SAUTTER-00303 |
|---|---|

*(Separate proof of service is required for each party served.)*

Hearing Date: 7/15/2024 Time: 8:30 AM

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a. Party served *(specify name of party as shown on documents served)*:
   **SUNBEAM PRODUCTS, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **AGENT FOR SERVICE - CSC - LAWYERS INCORPORATING SERVICE - BY LEAVING WITH REBECCA VANG / INTAKE CLERK**

4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N
   Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/1/2024**   (2) at *(time)*: **12:30 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

     (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

     (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

     (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*:   **or** ☐ a declaration of mailing is attached.

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS010-1/31036

* 785657 *

| PETITIONER: STACEY SAUTTER | CASE NUMBER: |
|---|---|
| RESPONDENT: SUNBEAM PRODUCTS, INC., ET AL. | 24LBCV00285 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                   (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **SUNBEAM PRODUCTS, INC.**
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **ROBERT MASON - ONE HOUR PROCESS SERVICE**

  b. Address: **2920 CAMINO DIABLO  WALNUT CREEK, CA 94597**

  c. Telephone number: **(925) 947-3470**

  d. **The fee** for service was: **$ 118.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner     ☐ employee     ☑ independent contractor.

      (ii) Registration No.: **03-007**

      (iii) County: **PLACER**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/4/2024**

**ONE HOUR PROCESS SERVICE**
**2920 CAMINO DIABLO**
**WALNUT CREEK, CA 94597**
**(925) 947-3470**
**www.onehour.net**

| **ROBERT MASON** | ▶ | *(SIGNATURE)* |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

Elizabeth V. McNulty (SBN 192455)
emcnulty@efsmmlaw.com
Sydney O. Sloas (SBN 349478)
ssloas@efsmmlaw.com
EVANS FEARS SCHUTTERT MCNULTY MICKUS
1 Park Plaza, Suite 500
Irvine, California 92614
Telephone: (949) 301-9464
Facsimile: (949) 966-0706

Brent S. Moffett (Pro Hac Vice Pending)
Email: bmoffett@moffettsims.com
Michigan Bar No. (P81103)
MOFFETT SIMS GAUTHIER
101 Southfield Road, Third Floor
Birmingham, MI 48009
Telephone: (248) 646-5100

Attorneys for Defendant
SUNBEAM PRODUCTS, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/21/2024 3:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Salcido, Deputy Clerk

*Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 92614*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| STACEY SAUTTER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC., AMAZON.COM INC., and DOES 1-100<br><br>Defendants. | Case No. 24LBCV00285<br><br>**ANSWER OF DEFENDANT SUNBEAM PRODUCTS, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint filed: February 9, 2024 |

Defendant SUNBEAM PRODUCTS, INC.  ("Sunbeam"), by and through its attorneys of record, answers the unverified Complaint ("Complaint") of Plaintiff Stacey Sautter ("Plaintiff") as follows:

- 1 -

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## GENERAL DENIAL

Under the provisions of *Code of Civil Procedure* Section 431.30, subdivision (d), Sunbeam denies each and every allegation, both specifically and generally, of each cause of action in the Complaint and denies that Plaintiff was injured or damaged in any sum or sums at all.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Sunbeam.

## SECOND AFFIRMATIVE DEFENSE

### (Third Party Negligence or Conduct)

2.      Sunbeam is informed and believes, and on that basis alleges, that any injuries or damages sustained by Plaintiff were caused or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations, municipalities, or entities other than Sunbeam and said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of Sunbeam.

## THIRD AFFIRMATIVE DEFENSE

### (Superseding or Intervening Acts)

3.      Sunbeam is informed and believes, and on that basis alleges, that the injuries and damages of Plaintiff if any, were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Sunbeam is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

4.      Sunbeam is informed and believes, and on that basis alleges, that if there is any comparative fault attributed to individuals or entities other than Sunbeam, then *Civil Code* § 1431 *et seq.* provides that this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Sunbeam.

- 2 -

**ANSWER OF DEFENDANT SUNBEAM PRODUCTS INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

5.      Sunbeam is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiff, if any, were legally and proximately caused by, and arose out of, risks of which Plaintiff had both knowledge and understanding that Plaintiff voluntarily assumed in the manner described in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unforeseeable Improper Use)**

6.      Sunbeam is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiff, if any, were legally and proximately caused by the unforeseeable and improper use of her Sunbeam heating pad.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Actual/Contractual Notice)**

7.      Sunbeam is informed and believes, and on that basis alleges, that Sunbeam had no notice, either actual or constructive, of the allegedly dangerous condition(s) set forth in Plaintiff's Complaint.  Therefore, Sunbeam cannot be held liable for such conditions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

8.      Sunbeam is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate her damages, if any, in the manner and to the extent required by law.

**NINTH AFFIRMATIVE DEFENSE**

**(Civil Code §1431 et seq.)**

9.      Sunbeam is informed and believes, and on that basis alleges, that if there is any comparative fault attributed to individuals or entities other than the Sunbeam, then this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Sunbeam under *California Civil Code* §1431 et seq.

/ / /

/ / /

- 3 -

ANSWER OF DEFENDANT SUNBEAM PRODUCTS INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

10.    Sunbeam is informed and believes, and on that basis alleges, that Plaintiff's causes of action against Sunbeam are barred by the applicable statute of limitations, including, without limitation, the statute of limitations set forth in *California Code of Civil Procedure* §§ 335.1 et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Preserve Evidence)**

11.    Sunbeam is informed and believes, and on that basis alleges, that Plaintiff is precluded from proceeding against the Sunbeam by reason of her negligent or otherwise wrongful failure to preserve or to cause others to preserve evidence relating to the incident that forms the subject matter of this action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.    Sunbeam is informed and believes, and on that basis alleges, that Plaintiff has waived each and every cause of action against the Sunbeam by reason of Plaintiff's knowing and voluntary acts, omissions, and representations.  Plaintiff is therefore, estopped and  barred  from asserting  each  and  every  one  of  her  causes  of  action  against  Sunbeam.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

13.    Sunbeam is informed and believes, and on that basis alleges, that Plaintiff has unreasonably delayed in bringing this action against Sunbeam, and further that such delay has resulted in prejudice to Sunbeam, and that Plaintiff's causes of action are therefore barred by the equitable doctrine of laches.

/ / /

/ / /

/ / /

/ / /

**ANSWER OF DEFENDANT SUNBEAM PRODUCTS INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     Sunbeam is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each and every claim for relief alleged therein, is barred by the equitable defense of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

15.     Sunbeam is informed and believes, and on that basis alleges, that Plaintiff will be unjustly enriched if allowed to recover on her Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Violation of Due Process)

16.     To the extent that punitive damages are alleged against Sunbeam, Sunbeam alleges that such claims violate Sunbeam's right to due process and equal protection as guaranteed by the Fourteenth Amended to the United States Constitution and Article I, Section 7, of the California Constitution, in that (i) neither Civil Code Section 3294 nor any other provision of the California law provides an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damages award; and (ii) neither Civil Code Section 3294, nor any other provision of California Law, provides adequate safeguards for the imposition of punitive damages, including, but not limited to:

a)     imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

b)     protecting the defendant's privilege against self-incrimination;

c)     providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

In addition, any award of punitive damages against Sunbeam violates the excessive fines clause of both the Eighth Amendment to the United States Constitution and Article I, Section 17

- 5 -

**ANSWER OF DEFENDANT SUNBEAM PRODUCTS INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

of the California Constitution, and otherwise generally and specifically violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages – Violation of the Commerce Clause)**

17.    Sunbeam alleges that the imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages – No Malice, Fraud, or Oppression)**

18.    Sunbeam alleges that at no time did it act, intentionally or otherwise, with malice, fraud or oppression, and is thus exempted from punitive and/or exemplary damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

19.    Sunbeam reserves the right to amend its answer to assert further affirmative defenses that are not presently known, but that may become known and available through further investigation and discovery.

**PRAYER**

WHEREFORE, Sunbeam prays as follows:

1.    For dismissal of Plaintiff's unverified Complaint with prejudice;

2.    For a judgment in its favor and against Plaintiff;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: March 21, 2024

EVANS FEARS SCHUTTERT MCNULTY MICKUS

Elizabeth V. McNulty
Sydney O. Sloas
Attorneys for Defendant SUNBEAM PRODUCTS, INC.

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

- 6 -

**ANSWER OF DEFENDANT SUNBEAM PRODUCTS INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1 Park Plaza, Suite 500, Irvine, California 92614.

On March 21, 2024, I served, in the manner indicated below, the foregoing document described as:

**ANSWER OF DEFENDANT SUNBEAM PRODUCTS, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

*SEE ATTACHED SERVICE LIST*

☐ **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f).)

☐ **BY FEDERAL EXPRESS:**  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d).)

☐ **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b).)

☒ **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒ **(STATE)**  I declare under penalty of perjury that the foregoing is true and correct.

☐ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2024 at Irvine, California.

_____
Rylee Hanes

- 1 -

**PROOF OF SERVICE**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

**SERVICE LIST**

*Sautter v. Sunbeam Products, Inc., et al.*
**Los Angeles Superior Court Case No. 24LBCV00285**

Adam Carlson, Esq.                                              **Attorney for Plaintiff**
CASPER, MEADOWS, SCHWARTZ & COOK                Stacey Sautter
2121 North California Blvd., Suite 1020
Walnut Creek, CA 94596
Tel: (925) 947-1147
Fax: (925) 947-1131
Email: carlson@cmslaw.com

- 2 -

**PROOF OF SERVICE**

Elizabeth V. McNulty (SBN 192455)
emcnulty@efsmmlaw.com
Sydney O. Sloas (SBN 349478)
ssloas@efsmmlaw.com
EVANS FEARS SCHUTTERT MCNULTY MICKUS
1 Park Plaza, Suite 500
Irvine, California 92614
Telephone: (949) 301-9464
Facsimile: (949) 966-0706

Brent S. Moffett (Pro Hac Vice Pending)
Email: bmoffett@moffettsims.com
Michigan Bar No. (P81103)
MOFFETT SIMS GAUTHIER
101 Southfield Road, Third Floor
Birmingham, MI 48009
Telephone: (248) 646-5100

Attorneys for Defendants
SUNBEAM PRODUCTS, INC. and AMAZON.COM INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/21/2024 2:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Salcido, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| STACEY SAUTTER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC., AMAZON.COM INC., and DOES 1-100 Defendants. | Case No. 24LBCV00285<br><br>**ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint filed: February 9, 2024 |

Defendant AMAZON.COM INC. ("Amazon"), by and through its attorneys of record, answers the unverified Complaint ("Complaint") of Plaintiff Stacey Sautter ("Plaintiff") as follows:

- 1 -

**ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## GENERAL DENIAL

Under the provisions of *Code of Civil Procedure* Section 431.30, subdivision (d), Amazon denies each and every allegation, both specifically and generally, of each cause of action in the Complaint and denies that Plaintiff was injured or damaged in any sum or sums at all.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Amazon.

## SECOND AFFIRMATIVE DEFENSE

### (Third Party Negligence or Conduct)

2.      Amazon is informed and believes and, on that basis, alleges that any injuries or damages sustained by Plaintiff and/or Plaintiff's decedent were caused by or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations, municipalities, or entities other than Amazon and said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of Amazon.

## THIRD AFFIRMATIVE DEFENSE

### (Superseding or Intervening Acts)

3.      Amazon is informed and believes and, on that basis, alleges that the injuries and damages of Plaintiff if any, were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Amazon is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

4.      Amazon is informed and believes and, on that basis, alleges that if there is any comparative fault attributed to individuals or entities other than Amazon, then *Civil Code* § 1431 *et seq*. provides that this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Amazon.

ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

5.      Amazon is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiff, if any, were legally and proximately caused by, and arose out of, risks of which Plaintiff had both knowledge and understanding that Plaintiff voluntarily assumed in the manner described in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Unforeseeable Improper Use)

6.      Amazon is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiff, if any, were legally and proximately caused by the unforeseeable and improper use of her Sunbeam heating pad.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Actual/Contractual Notice)

7.      Amazon is informed and believes, and on that basis alleges, that Amazon had no notice, either actual or constructive, of the allegedly dangerous condition(s) set forth in Plaintiff's Complaint.  Therefore, Amazon cannot be held liable for such conditions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

8.      Amazon is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate her damages, if any, in the manner and to the extent required by law.

## NINTH AFFIRMATIVE DEFENSE

### (Civil Code §1431 et seq.)

9.      Amazon is informed and believes, and on that basis alleges, that if there is any comparative fault attributed to individuals or entities other than Amazon, then this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Amazon under *California Civil Code* §1431 et seq.

/ / /

**ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10.    Amazon is informed and believes, and on that basis alleges, that Plaintiff's causes of action against Amazon are barred by the applicable statute of limitations, including, without limitation, the statute of limitations set forth in *California Code of Civil Procedure* §§ 335.1 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Preserve Evidence)

11.    Amazon is informed and believes, and on that basis alleges, that Plaintiff is precluded from proceeding against Amazon by reason of her negligent or otherwise wrongful failure to preserve or to cause others to preserve evidence relating to the incident that forms the subject matter of this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

12.    Amazon is informed and believes, and on that basis alleges, that Plaintiff has waived each and every cause of action against Amazon by reason of Plaintiff's knowing and voluntary acts, omissions, and representations; and is therefore, estopped and barred from asserting each and every one of her causes of action against Amazon.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.    Amazon is informed and believes, and on that basis alleges, that Plaintiff has unreasonably delayed in bringing this action against Amazon, and further that such delay has resulted in prejudice to Amazon, and that Plaintiff's causes of action are therefore barred by the equitable doctrine of laches.

/ / /

/ / /

/ / /

/ / /

- 4 -

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14. Amazon is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each and every claim for relief alleged therein, is barred by the equitable defense of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

15. Amazon is informed and believes, and on that basis alleges, that Plaintiff will be unjustly enriched if allowed to recover on her Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

16. Amazon is informed and believes, and on that basis alleges, that Plaintiff has failed to join all necessary and indispensable parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation as to Amazon)

17. Amazon is informed and believes, and on that basis alleges, that no act or omission on the part of Amazon either caused or contributed to whatever injury or damage Plaintiff may have sustained.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Amazon not a Seller or Retailer)

18. Plaintiff's claims against Amazon fail because Amazon did not market, sell, retail, facilitate, test, inspect, promote, assemble, produce, manufacture, design, fabricate, or distribute the product, nor did it place the product into the stream of commerce.

## NINETENTH AFFIRMATIVE DEFENSE

### (Communications Decency Act)

19. To the extent Plaintiff's claims are based on content from a third party published online, they are preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

- 5 -

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

20.     Amazon has at all times acted reasonably, in good faith, without malice and justifiably at all material times herein based on all relevant facts and circumstances known by it at the time it so acted, without any intent to cause, or in unreasonable disregard of, potentially deleterious consequences to Plaintiff; accordingly, Plaintiff is barred from any recovery against the Amazon.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Offset)

21.     Amazon is informed and believes, and on that basis alleges, that the claims contained in the Complaint are barred by a prior settlement and or release of all claims.  To the extent Plaintiff has been compensated for the alleged damages by receiving payment from other persons or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages – Violation of Due Process)

22.     To the extent that punitive damages are alleged against Amazon, Amazon alleges that such claims violate Amazon's right to due process and equal protection as guaranteed by the Fourteenth Amended to the United States Constitution and Article I, Section 7, of the California Constitution, in that (i) neither Civil Code Section 3294 nor any other provision of the California law provides an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damages award; and (ii) neither Civil Code Section 3294, nor any other provision of California Law, provides adequate safeguards for the imposition of punitive damages, including, but not limited to:

    a)     imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

    b)     protecting the defendant's privilege against self-incrimination;

- 6 -

ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

c)      providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

In addition, any award of punitive damages against Amazon violates the excessive fines clause of both the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution, and otherwise generally and specifically violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

### TWENTY THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages – Violation of the Commerce Clause)

23.     Amazon alleges that the imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages – No Malice, Fraud, or Oppression)

24.     Amazon alleges that at no time did it act, intentionally or otherwise, with malice, fraud or oppression, and is thus exempted from punitive and/or exemplary damages.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

25.     Amazon reserves the right to amend its answer to assert further affirmative defenses that are not presently known, but that may become known and available through further investigation and discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

- 7 -

**ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**PRAYER**

WHEREFORE, Amazon prays as follows:

1.    For dismissal of Plaintiff's unverified Complaint with prejudice;

2.    For a judgment in its favor and against Plaintiff;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.


Dated: March 21, 2024                EVANS FEARS SCHUTTERT MCNULTY MICKUS

Elizabeth V. McNulty
Sydney O. Sloas
Attorneys for Defendants
SUNBEAM PRODUCTS, INC. and
AMAZON.COM  INC.

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

- 8 -

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1 Park Plaza, Suite 500, Irvine, California 92614.

On March 21, 2024, I served, in the manner indicated below, the foregoing document described as:

**ANSWER OF DEFENDANT AMAZON.COM INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

*SEE ATTACHED SERVICE LIST*

☐　**BY MAIL:**  I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a).)

☐　**BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f).)

☐　**BY FEDERAL EXPRESS:**  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d).)

☐　**BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b).)

☒　**BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☐　**(STATE)**  I declare under penalty of perjury that the foregoing is true and correct.

☐　**(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2024 at Irvine, California.

_____
Rylee Hanes

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 92614

- 1 -

**PROOF OF SERVICE**

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, CA 902614

**SERVICE LIST**

***Sautter v. Sunbeam Products, Inc., et al.***
**Los Angeles Superior Court Case No. 24LBCV00285**

| | |
|---|---|
| Adam Carlson, Esq. | Attorneys for Plaintiff |
| CASPER, MEADOWS, SCHWARTZ & COOK | Stacey Sautter |
| 2121 North California Blvd., Suite 1020 | |
| Walnut Creek, CA 94596 | |
| Tel: (925) 947-1147 | |
| Fax: (925) 947-1131 | |
| Email: carlson@cmslaw.com | |

**PROOF OF SERVICE**